Contracts; disputes; affirmance of determination of Contract Appeals Board. — On April 18, 1980 the court entered the following order:
*753 Before Davis, Judge, Presiding, Kashiwa and Smith, Judges.
This Wunderlich Act suit comes before the court on the parties’ cross-motions for summary judgment which raise the issue of the correctness of the reading by the Corps of Engineers Board of Contract Appeals of certain provisions of plaintiffs contract with the Corps of Engineers for the construction of the second phase of the Seattle Bulk Mail facility. The issue involves the electrical portion of the contract[1] and concerns certain work required of plaintiff by the contracting officer. The Corps has insisted that this work was included within the contract terms while plaintiff (and the electrical subcontractor) urge that it is not so covered and is therefore extra work calling for an equitable adjustment under the Changes article. The Board of Contract Appeals (in a divided vote) held for the defendant that the work in dispute was an obligation under the contract. Plaintiff asks us to overturn that ruling. We have heard oral argument and have also considered the briefs and the record.
The question turns on complex and very special provisions of the specifications and drawings of this specific contract. No contract provision of general or wide applicability is involved and no principle of law which deserves further elucidation. The court is satisfied that the majority of the Board of Contract Appeals correctly interpreted the relevant portion of the contract, and insofar as factual issues may be involved the Board has substantial support in the record for its findings. In view of the very particular, special, and narrow nature of the issue before us there is no need for us to expand on the Board’s opinion or to reiterate its substance. We are content to affirm the Board’s determination without adding to the discussion.
For this reason, it is ordered that plaintiffs motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and the petition is dismissed.

 The electrical work was subcontracted but the suit is properly brought by the prime contractor.